**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHAD STRACHAN, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00403-TFM-B |
| | * |
| BALDWIN COUNTY 28TH JUDICIAL | * |
| CIRCUIT, | * |
| | * |
|     Defendant. | |

<u>**REPORT AND RECOMMENDATION**</u>

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Chad Strachan, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

**I. BACKGROUND**

On August 13, 2020, Plaintiff, Chad Strachan, proceeding *pro se,* filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees.[1] (Docs. 1, 4). Neither his complaint nor motion contained a telephone number or a mailing address for Strachan. (Id.). Upon review, the Court, in an order dated August 18, 2020, granted Strachan's motion for leave

---

[1] Strachan also filed a Motion for Recusal, which the Court denied. (Docs. 2, 6).

to proceed without prepayment of fees. (Doc. 6). The Court also advised Strachan that his complaint, as written, was deficient because it did not reveal facts which provided any basis for federal jurisdiction, and it failed to provide sufficient factual information so as to place the Defendant and the Court on notice of the actions purportedly taken by the Defendant to violate Plaintiff's rights, and of the specific claims that he is attempting to assert against the Defendant.[2] (Id.). The Court directed Strachan to file an amended complaint by September 9, 2020, providing a short and plain statement identifying the basis for this Court's jurisdiction; identifying a suable entity; providing a short and plain statement describing the conduct for which the Defendant is allegedly responsible; and clarifying the specific cause of action that he is asserting against the Defendant. (Doc. 6 at 13). Strachan was cautioned that failure to timely file an amended complaint that corrected these deficiencies would result in a recommendation that this case be dismissed. (Id.).

In addition, Strachan was ordered to notify the Court, on or before September 9, 2020, of his current, valid mailing address. The Court noted that Strachan's filings do not contain a mailing address or telephone number, and that at the time of filing, he

---

[2] The Court also advised Strachan that his complaint appeared to seek relief prohibited by the Rooker-Feldman doctrine, and, further, that to the extent that he sought relief under Title IV-D of the Social Security Act, 42 U.S.C. § 654 (Doc. 1 at 2), the Eleventh Circuit Court of Appeals has held that Title IV-D does not confer a private cause of action. (Doc. 6)(citing cases).

declined to provide any contact information other than an email address, which is inoperable. (Id.) This has seriously hampered the Court's ability to communicate with Strachan. The Court thus undertook the tedious task of combing through the voluminous records attached to his complaint in search of a possible mailing address for Strachan. The Court uncovered two different mailing addresses in the records and directed the Clerk to send the Court's order dated August 18, 2020 to the addresses located in the records. The Court's mailing addressed to Strahan at one of the addresses was returned as undeliverable on September 1, 2020. The second mailing addressed to Strahan has not been returned; however, to date, there has been no response or further contact from Strachan.

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263

3

(11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., <u>Brown v. Tallahassee Police Dep't</u>, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., <u>State Exchange Bank v. Hartline</u>, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." <u>Id.</u>; <u>see also</u> <u>Zocaras v. Castro</u>, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); <u>Smith v. HSBC Bank USA, Nat'l Ass'n</u>, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court is not able to communicate with Strachan about his case or to effect service of the Court's orders on Strachan because Strachan has refused to provide the Court with his mailing address, telephone number, or an operable email address. This Court's Local Rules governing persons proceeding without counsel require that "[a]ny person proceeding *pro se* must, at all time during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and telephone number. A *pro se* party must promptly notify the Clerk of any change of address or telephone number. Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action[.]" S.D. Ala. GenLR 83.5(b). Furthermore, a *pro se* litigant is required to personally sign each document filed and to include, beneath the signature, his name, address, and telephone number. S.D. Ala. GenLR 5(a)(4). This, Strachan has failed to do.

In considering the choice of sanctions available to the Court in the present action, the Court concludes that its choices are limited by Strachan's unwillingness to provide the Court with his current mailing address and telephone number as required by the Local Rules. Moreover, in the absence of action by this Court, this case could languish on the Court's docket until Strachan decided he wished to communicate with the Court. This cannot be so.

5

Therefore, the undersigned finds that an appropriate sanction for failure to comply with Local Rule 83.5(b) is the dismissal without prejudice of this action. S.D. Ala. GenLR 83.5(b) (providing for the dismissal of a *pro se* plaintiff's action for failure to provide the Court with a current address or telephone number and any changes in them); see also Traver v. Federal. Bureau of Investigation, 2018 U.S. Dist. LEXIS 115430, *4, 2018 WL 3653322, *2 (S.D. Ala. July 10, 2018), *report and recommendation adopted*, 2018 WL 3653223 (S.D. Ala. July 31, 2018)(dismissing a *pro se* plaintiff's complaint for failure to provide contact information); Traver v. United States, 2019 U.S. Dist. LEXIS 33126, *4-5 (Feb. 28, 2019)(dismissing a *pro se* plaintiff's complaint and noting that, "[i]f a plaintiff's objective is to proceed with litigation against a defendant by filing a complaint, it is fundamental that the plaintiff provide the Court with his contact information, so the Court and a defendant can contact him and send documents to him. By not responding to the Clerk's Office's request to sign its consent form so he can use his email address for notices and communication with the Court and defendant(s), and by not complying with the more specific requirements of the Local Rules requiring his address, phone number, and actual signature on his pleadings so he can otherwise conduct the litigation of the present lawsuit, plaintiff has elected not to proceed with the prosecution of his action. Thus, the undersigned finds that

plaintiff has abandoned the prosecution of his action."); <u>Lucy v.</u>
<u>Walter Mortg. Co.</u>, 2009 U.S. Dist. LEXIS 96380, *10, 2009 WL
3336685, *3 (S.D. Ala. Oct. 14, 2009)(dismissing a *pro se*
plaintiff's complaint for failure to keep the Court informed of
his current address).

Courts are vested with the inherent authority "to manage their
own affairs so as to achieve the orderly and expeditious
disposition of cases." <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630-31
(1962). The Court's authority to dismiss an action *sua sponte* for
lack of prosecution is considered an inherent power of the court.
<u>Id.</u> at 630; <u>see also</u> <u>Equity Lifestyle Props., Inc v. Florida Mowing</u>
<u>& Landscape Serv.</u>, 556 F.3d 1232, 1240 (11th Cir. 2009). A court
is vested with this power "in order to prevent undue delays in the
disposition of pending cases and to avoid congestion in the
calendars of the District Court." <u>Id.</u>, 556 F.3d at 1240 (citation
omitted).

Accordingly, it is recommended that this action be dismissed
without prejudice for failure to prosecute this action and to obey
the Local Rules.

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that this action be
**DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal
Rules of Civil Procedure for failure to prosecute and failure to
comply with the Local Rules and the Court's directives.

7

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **1st** day of **October, 2020.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**
